COURT OF INSOLVENCY *v.* M. H. ALEXANDER, et al.

October Term, 1898.

Present :   Ross, C. J., TAFT, TYLER, MUNSON and START, JJ.

Opinion filed August 31, 1899.

*Insolvency bonds*—Separate bonds having been voluntarily given by joint
   assignees in insolvency under an order which did not require separate
   bonds, the obligors cannot avoid liability by saying that the statute
   contemplated a joint bond.

*Assignees—Joint default*—Co-assignees having been charged by the court of
   insolvency with the possession of a fund and the duty of payment, a
   default in respect to such payment is a joint default.

*Joint default—Separate bonds—*The joint default of assignees is to be treated as the several default of each as far as the remedy on the assignees' bonds is concerned, when separate bonds have been voluntarily given ; and the creditors may pursue either bond to full satisfaction.

*Harmless evidence—*In case of such joint default, and suit on a separate bond, evidence to show that the conversion of money which constituted the default was in fact by the principal of the bond sued on, is immaterial and harmless.

ACTION on a bond given to the Court of Insolvency. Chittenden County, March Term, 1898. *Thompson,* J., presiding. Judgment for the prosecutors. Defendants excepted.

One Arthur W. Huntley was adjudged to be an insolvent debtor by the Court of Insolvency for the District of Chittenden, and the defendant, Alexander, and one Nichols, were duly elected assignees of the estate in insolvency of said Huntley, and acted as such. The court required them to give a bond with sufficient surety, in the sum of two thousand dollars, for the faithful discharge of their duties as assignees. · Thereupon each assignee gave his separate bond, with surety, the defendant, Lowrey, being surety on the bond given by said Alexander. These bonds were accepted by the court.

On the filing of the assignees' account, the court found the sum of one thousand four hundred and twenty-two dollars and eighty-one cents to be in their hands, and made an order by which they were directed to pay certain sums in dividends to the creditors of said insolvent estate who had proved their claims, among whom were the prosecutors in this suit, to whom the assignees were directed by said order to pay specific sums of money to which they were entitled. Said prosecutors were never paid any part of said sums by either of the assignees.

On evidence admitted *pro forma,* under objection by the defendants, the County Court found that at the time distribution was ordered as above stated, the assignee, Alexander, had in his possession the funds with the possession of which both assignees were charged, and had ever since retained the same, and that no part thereof had since come into the hands of the assignee,

Nichols, Alexander having contrived to get sole possession of such funds at some time prior to the order of distribution.

The validity of the separate bonds, under the statute applicable thereto and the order of the court, the right to pursue the bond in suit, and the admissibility of the evidence received under objection, were the questions made in the case.

*Cushman & Mower* for the plaintiff.

*J. J. Monahan* and *George W. Kennedy* for the defendant.

MUNSON, J.   The order of the Court of Insolvency required the assignees to give a bond with sufficient surety in the sum of two thousand dollars.   The assignees tendered separate bonds of the required amount, which were accepted by the court.   The order did not require the giving of separate bonds, and there is no ground for saying that the bonds given were extorted by assumed authority.   Separate bonds having been voluntarily given, the obligors cannot avoid liability to the creditors by saying that the statute contemplated a joint bond.

The Court of Insolvency found a certain amount in the hands of the assignees for distribution to the creditors, and made an order by which the assignees were directed to pay certain sums to the prosecutors herein.   It will be noticed that the order charges both the assignees with the possession of the funds and the duty of payment; and the default arising from the failure to comply with this order must necessarily be a joint default. But this joint default of the assignees involved the neglect of each, and it is to be treated as the several default of each as far as the remedy is concerned, for the obligors have voluntarily contracted that it may be so treated.   It necessarily follows that the creditors may pursue either bond until full satisfaction is obtained.

It is not necessary to consider what, if any, remedy the obligors of the bond sued upon may have against the obligors of the other bond.

The evidence received to show that the misappropriation was in fact by the principal of the bond sued upon, was both immaterial and harmless.

*Judgment affirmed.*